MILLER *v.* STEELE.

1. QUIETING TITLE — TAX DEED — EQUITY JURISDICTION — RELIEF
AWARDED—RELIEF TO DEFENDANT.
On a bill to quiet title to land founded on a tax deed, equity has
jurisdiction to make a decree permitting defendant to redeem
and requiring complainant to quitclaim to him, though
defendant files no cross-bill, nor otherwise asks affirmative
relief.

2. TAXATION — TAX TITLES — REDEMPTION — MISAPPLICATION OF
PAYMENT—EFFECT.
Under section 141 of the tax law (Act No. 236, Pub. Acts 1903)
payment by the landowner to the register in chancery of the
county in which the land lies, after the statutory notice of
tax-title purchase, of the amount of the taxes and penalty,
renders the conveyance by the auditor general to the pur-
chaser ineffective, and it is immaterial that through mistake
the payment is applied by the register in purchasing the
apparent title of one who in fact has no title.

3. SAME—RELIEF TO LANDOWNER—FORFEITURE.
The mistake having occurred by reason of the erroneous issuing
by the auditor general of two deeds for the same tax, relief
to the landowner by allowing him, after the expiration of the
statutory period, to redeem from the valid sale after misap-
plication of his payment by the register by purchase of the
invalid title, is not to be denied on the ground that equity
cannot relieve from a statutory forfeiture, since there was in
fact no forfeiture.

4. SAME—BILL TO QUIET TITLE.
On a bill to quiet title based on a tax deed, a decree for com-
plainant involves a finding that defendant did not, in due
season, pay complainant, or the proper officer for him, a
sufficient sum of money; and in the instant case the money
having been in fact paid to the officer, but applied, partly
through the landowner's mistake, to the payment of an illegal
claim, complainant's case rests upon the fact that the pay-
ment did not reach him, and there being but one tax and but
one proper claimant to satisfy, the ruling must be that the
land was redeemed.

Appeal from Gladwin; Sharpe, J. Submitted June 12, 1906. (Docket No. 86.) Decided October 1, 1906.

Bill by Wilbert L. Miller against Wilber W. Steele to quiet title to land. From a decree for defendant, complainant appeals. Affirmed.

Bill to quiet title to land. The facts found by the court below are:

"That Wilbert L. Miller, the complainant, purchased from the State of Michigan the north half of southwest quarter of section 5, town 20 north, range 1 west, situated in the county of Gladwin and State of Michigan, under a decree and sale thereof for delinquent taxes of 1895; that the proceedings had to enforce the lien of the State upon said land for the taxes of said year under the provisions of the general tax law, were regular and in strict compliance with the provisions of said law; that after the purchase of said land as aforesaid by said complainant he caused to be served upon the defendant, Wilber W. Steele, he being the grantee named in the last-recorded conveyance in the regular chain of title to said land, the notice required by Act No. 229 of the Public Acts of 1897, as amended, and a duplicate of said notice with the return of service indorsed thereon, was duly filed in the office of the clerk of said county of Gladwin on the 12th day of February, 1904.

"The court further finds that said tax deed issued to said complainant was dated the 25th day of July, 1903, and recited that said complainant applied to purchase said land on the 30th day of April, A. D. 1903, the consideration in said deed being $21.90.

"The court further finds that subsequent to the application of said complainant to the auditor general for the purchase of said land for said taxes, and subsequent to the date of said tax deed, the auditor general of the State of Michigan erroneously issued a second deed for the same land upon sale for the same year's taxes, to the Flint Land Company, Limited, of Flint, Mich. That said Flint Land Company, Limited, also caused to be served upon said defendant under its said tax deed, a notice provided for by Act No. 229 of the Public Acts of 1897 as amended, and that said defendant, having in his possession the tax notices so served on behalf of said complain-

ant and the said Flint Land Company, Limited, without inquiry or investigation, subsequently, about the month of April, 1904, mailed the tax notice served on him on behalf of the Flint Land Company, Limited, to the register in chancery of the county of Gladwin, stating that he desired to redeem the land mentioned in said notice and that, pursuant to such direction, the county clerk procured from the said Flint Land Company, Limited, a reconveyance of said land to said defendant and paid the money so deposited with him to the said Flint Land Company, Limited, sending the tax deed and reconveyance obtained from said Flint Land Company, Limited, to said defendant.

" And the court further finds that said complainant has acted in good faith and in strict compliance with the provisions of law, and was fully justified in filing his bill of complaint herein to quiet the title to said land and remove the cloud therefrom.

" The court further finds that said defendant was misled by the circumstances as above set forth and is now entitled to redeem from the said complainant's purchase as herein stated."

Additional undisputed facts are, that the notice to defendant from the Flint Land Company, Limited, was served October 17, 1903, and proof of service filed October 22, 1903; notice to defendant from complainant was served October 31, 1903. The notice from the Flint Land Company called for a small sum in excess of that stated in the notice from complainant. A decree was entered permitting defendant to redeem upon payment of the tax, the statutory penalty and costs, interest thereon and the costs of suit, and requiring complainant to quitclaim to defendant. Defendant has performed the decree. Complainant has appealed from the decree, and in this court presents and argues as ground for reversal thereof the following propositions:

" *First.* If the defendant relies on the equities of his case for anything beyond a defense, and seeks affirmative relief, he must file a cross-bill. An answer alone will not be sufficient.

" *Second.* The complainant claimed, and the circuit

judge in his decree found, that the defendant had not done that which was necessary to prevent a forfeiture of his right to obtain a reconveyance of the land and a court of equity has no power to set aside a statutory forfeiture.

"*Third.* In a very recent decision of this court rendered April 3, 1906, *Bateson* v. *City of Detroit,* 143 Mich. 582, the court held that where a person had made a voluntary payment of taxes upon the wrong description he could not recover it back, laying down the rule as follows:

" 'The rule that a tax voluntarily paid cannot be recovered back, and that the taxpayer cannot aver a mistake of fact which results from his own neglect to consult the record, is too well settled to require extended citation of authorities.'

"*Fourth.* The defendant's failure to effect a redemption of the land resulted from his own negligence and inattention and the rule is stated in 2 Cooley on Taxation (3d Ed.), pp. 1048, 1049, as follows:

" 'An attempt to redeem which fails by reason of a mutual mistake on the part of the owner and officer, and where it is doubtful whether the officer was at all at fault, presents no other grounds of equity than would exist in any case where, through inadvertence or misapprehension, the party has failed to assert his rights in due season, and he will be left by the law where his own negligence or inattention has placed him.'

"*Fifth.* The defendant has been guilty of gross laches in failing to redeem for a period of more than one year after he was informed by the auditor general of the error in issuing the tax deed to the Flint Land Company."

*Brown & Farley,* for complainant.

*Campbell & Foster,* for defendant.

OSTRANDER, J. (*after stating the facts*). That the court had jurisdiction, upon the pleadings, to make the decree, cannot be doubted. It is true, defendant did not ask for affirmative relief. But the court was not required to grant the precise relief prayed for by complainant with the alternative of granting no relief. Complainant is not denied all relief. In any event, for reasons hereinafter given, we find that the land was relieved of the tax.

To the other contentions stated, a single answer may be made, which is that the decree of the court below cannot be treated as relieving against a statutory forfeiture. Complainant's rights are all based upon the provisions of a revenue statute, the general and principal purpose of which is to secure, by forced contributions, the funds required for government. It is a part of the law that if the contributions asked for are not paid, the property of the citizen may be sold for their collection. The conveyance of real estate so sold, made by the auditor general, may be made ineffective in the hands of the purchaser upon payment of the amount of the taxes and a penalty. Such payment, after statutory notice has been given, may be made to the register in chancery of the county in which the land lies. By such payment "the tax title shall become void and of no effect against the land thus redeemed." Section 141, Act No. 236, Pub. Acts 1903. It is the act of payment, in proper season, of a proper amount, to a designated officer, which operates to discharge the land.

A court of equity may always inquire whether or not a forfeiture has occurred and declare the fact. Thereafter, in the particular case, it proceeds according as the fact is found. In the case at bar, complainant asserts that he owns the land and seeks a judicial declaration to that effect, which involves the finding that the defendant did not, in due season, pay to the proper officer a sufficient sum of money. The fact is, complainant's case is not rested upon nonpayment of a proper sum by defendant, but upon the fact that the payment did not reach him. For this result it may be admitted that defendant was in some measure responsible, not because he directed the money to be paid over to any person, but because by forwarding the notices received from the Flint Land Company and not also the one received from complainant, he may have induced the officer to deal entirely with the Flint Land Company. There was, however, but one tax and but one proper claimant to satisfy. It was after the

money had been paid by defendant, and more than six months after the complainant's notice was served, that defendant learned, certainly, that a mistake had been made by the auditor general and two deeds issued for the same tax. The ruling must be that the land was redeemed. As has been stated, defendant has performed the decree.

It is therefore affirmed, with costs of the appeal to defendant.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.