POWELL *v.* PIERCE.

1. PROCESS—FORECLOSURE OF MORTGAGES—SERVICE BY PUBLICA-
TION—AFFIDAVIT—JURISDICTION.

In a suit to foreclose a mortgage on realty, an affidavit for an
order of substituted service conferred jurisdiction where it
averred that affiant was the solicitor for complainant, a non-
resident, and was informed by his client and believed that
the defendants resided in Chicago, Illinois. 1 Comp. Laws, §
485.

2. EQUITY — PRACTICE — CONFIRMATION OF SALE — ENROLLMENT—
FORECLOSURE OF MORTGAGES—LACHES.

Where a decree of foreclosure was rendered in 1891, the premi-
ses sold and the sale reported by the circuit court commis-
sioner in 1892, the court, upon the petition of complainant's
heir at law, had authority to confirm the report, after com-
plainant's death, by a conditional order in 1910 and to enroll
. the decree.

3. SAME—PRACTICE—NUNC PRO TUNC ORDER.

The court had power under 1 Comp. Laws, § 557, to enroll the
decree *nunc pro tunc.*

4. EJECTMENT—DEFENSES.

In ejectment, plaintiff must recover on the strength of his own
title, not on the weakness of defendant's.

5. SAME—TAXATION.

Defendant in ejectment who purchased his title of a tax pur-
chaser by warranty deed had no right of entry upon the
lands until a sufficient notice was served.[1] 1 Comp. Laws, §
3961.

6. SAME—IMPROVEMENTS—TAXATION.

Being without color of title, he may not recover for alleged
improvements under the provisions of section 3927, 1 Comp.
Laws; being a trespasser his rights are not affected by section
10995, 3 Comp. Laws, authorizing compensation for improve-
ments in ejectment, to the extent that they have increased the
value of the land.[2]

[1] Right of holder of tax deed to take possession, see note in 28 L.
R. A. (N S.) 398.

[2] Right of one holding under invalid tax deed to be reimbursed
for improvements, see note in 34 L R. A. (N S.) 549.

7. SAME.

Plaintiff could not recover possession of unoccupied and uncultivated land in ejectment without tendering to the register of deeds the amount of taxes for which the property was twice sold to the State.

8. SAME—SAVING QUESTIONS FOR REVIEW.

By an assignment of error that the court erred in holding that plaintiff was the owner of the premises, entitled to possession thereof, the point was properly raised on error, though the correct reason was not presented to the trial court.

Error to Muskegon; Sessions, J. Submitted December 13, 1911. ( Docket No. 128. ) Decided February 10, 1912.

Ejectment by George H. Powell against Minnie Singer Pierce. Judgment for plaintiff: defendant was awarded the value of certain improvements made upon the premises, and remitted part of the verdict. Both parties appeal. Reversed.

*Cross, Vanderwerp, Foote & Ross*, for plaintiff and appellant.

*Charles E. Ward*, for defendant and appellant.

OSTRANDER, J. It is conceded that plaintiff has the original or government title to the land if certain foreclosure proceedings, to be later referred to, were regular. The land was sold for the taxes levied thereon in the years 1896, 1897, 1898, 1899, and was held as State tax lands. Defendant's asserted title is based upon certain tax deeds given by the auditor general to one Wheeler and upon a warranty deed from Wheeler. The tax deeds are dated, respectively, October 2, 1902, and August 22, 1903. In December, 1902, the tax title holder attempted, but ineffectually, to give the statutory notice to the owner or owners of the land. With the plea of the general issue the defendant filed a claim for compensation for improvements made upon the land, describing them, and assert-

ing that she and the person through whom she claimed
the title had peaceably occupied the land for six years be-
fore the suit was begun, under color of title and in good
faith.   In the trial court, judgment passed for plaintiff, as
to the title, and for defendant for the value of the improve-
ments.   Upon a motion for a new trial, it was granted
unless defendant remit one-half the amount of the dam-
ages fixed by the verdict.   Defendant elected to remit.
Both parties have assigned errors.   The practice pursued
by defendant in this behalf is not discussed in the briefs;
indeed, does not appear in the printed record beyond the
fact that errors are assigned.

    1. As to the Mortgage Foreclosure.   The mortgage
was given in 1886.   Forty acres are involved in this suit,
being a portion of 320 acres described in the mortgage.
In 1891, pursuant to the prayer of a bill in equity, filed by
one William H. Powell, who charged that he was assignee
of the mortgagee, a decree of foreclosure and sale was
entered.   In January, 1892, the circuit court commis-
sioner made his deed of the premises to said Powell and
filed a report of sale.   Mr. Powell died intestate August
1, 1896.   Plaintiff is his son and only heir at law.   Per-
sonal service of subpœna was not obtained in the fore-
closure proceeding, and defendants were brought in by
publication.   The affidavit of the nonresidence of defend-
ants was made by one of the solicitors for complainant,
who stated therein that his information, which he believed
to be true, was derived from his client, the complainant.
In brief, the affidavit stated that complainant lived in
Chicago, Ill., and had told affiant that he knew the de-
fendants and that they resided in Chicago.   There was no
appearance of defendants.   The objection which is made
is that the affidavit presented no evidence—was not proof
—of the fact of nonresidence of defendants, and the order
for appearance and the subsequent proceedings were
wholly invalid.   The governing statute is 1 Comp. Laws,
§ 485.   Counsel have reviewed the decisions of this and of
other courts touching the subject.   We content ourselves

with saying that the affidavit was some proof of the fact necessary to be established, and the court was therefore not without jurisdiction to make the order. *Pettiford* v. *Zoellner*, 45 Mich. 358 (8 N. W. 57); *Colton* v. *Rupert*, 60 Mich. 318 (27 N. W. 520).

It does not appear that an order confirming the report of sale was entered, or that the decree was enrolled, until 1910, when upon the petitions of the plaintiff, and upon *ex parte* hearings, an order was directed to be entered *nunc pro tunc*, enrolling the decree. An order *nisi* confirming the said report of sale was also entered. In entering the order *nisi* the names of the original solicitors for complainant were signed thereto; the firm having been long before dissolved.

It is said by defendant that the previous death of the complainant in the foreclosure suit, the lapse of time, and the death of one of the original solicitors, are facts which forbade the granting of the orders. We need not upon this point indulge in extended argument or review the numerous decisions to which we are referred. Conceding, for the purposes of argument, that confirmation of the sale was a necessary prerequisite to the vesting of the title in the purchaser at the sale, we perceive no reason for saying that the order *nisi* which was entered is not effectual. It was an order to which, originally, the complainant in foreclosure was entitled as of course. Mere lapse of time—no other reason being asserted—ought not to deprive the complainant, and those claiming under him, of a record fair upon its face.

And as to the order for enrolling the decree *nunc pro tunc*, the authority to grant it is undoubted. 1 Comp. Laws, § 557. See *Newton* v. *Newton*, 166 Mich. 421 (132 N. W. 91).

It must be borne in mind that defendant is not concerned in the matter beyond this: that in ejectment plaintiff must recover upon the strength of his own title—must show title. The defendant has, or has not, a good title and right to possession under tax deeds which, if valid,

cut off entirely the title asserted by the plaintiff. We hold, affirming the court below, that plaintiff's decedent acquired title to the land through the foreclosure proceeding.

2. **Defendant's Title.** As has been stated, defendant has a warranty deed from one who held title by two deeds issued to him by the auditor general; the land being then held by the State as State tax land. The validity of these deeds is not questioned. This court has repeatedly held that the effect of regular sales of land to the State for delinquent taxes vests title in the State after the time to redeem from the tax sales has expired. But upon the sale of its title by the State the purchaser takes the title of the State upon a condition, and, until the condition is performed, has no right of entry. On the contrary, the tax title purchaser is forbidden by the statute to make an entry before performance of the condition and the lapse of six months. 1 Comp. Laws, § 3961.

Meantime he has not even a colorable right of entry, and, if he enters and makes improvements, may not, upon being dispossessed, recover the value thereof under the provisions of 1 Comp. Laws, § 3927. *Corrigan* v. *Hinkley*, 125 Mich. 125 (83 N. W. 1020). See, also, *Griffin* v. *Kennedy*, 148 Mich. 583 (112 N. W. 756); *White* v. *Dunsmore*, 167 Mich. 542 (133 N. W. 523).

It is provided in 3 Comp. Laws, § 10995, that whenever, in an action of ejectment, the plaintiff shall recover, the defendant shall be allowed compensation for improvements on the premises, made by him or by the person under whom he claims, to the extent that such improvements shall increase the present value of the premises, when the defendant, or the person through whom he claims title, has been in actual, peaceable occupation of the premises recovered for six years before the action was begun, and, also, when the premises shall have been so occupied for a less time than six years under a color of title and in good faith. Defendant's grantor entered upon the land in May, 1903. He conveyed it to defendant in April, 1906. This

suit was begun in May, 1910. It is the contention of defendant that, although her grantor had no right to possess the land—was a trespasser thereon—she, because holding by a warranty deed, had color of title within the meaning of this statute and may recover for the improvements, or some of the improvements, made upon the land. Something is claimed, too, in this behalf, for the fact that her grantor undertook to give the statute notice, but failed to give a proper notice. Much has been, and much may be, said about the duty of landowners to pay taxes and to discover, within a reasonable time, whether the land is in the possession of a trespasser or of one having some apparent right to occupy it, and reasons may be found for asserting that the landowner ought not to profit by his own default and laches.

In ejectment proceedings, strict legal rights are involved. The legislature has defined the relative rights of owners of land and of those who purchase them as State tax lands in a law intended primarily to secure contributions by property owners to the public revenues. Courts must accept plain legislative definitions of rights and enforce the law as they find it. In respect to the point under discussion, the legislative purpose is not doubtful. The tax title holder is forbidden to make an entry upon the land described in his deed until he has given a certain notice and has thereafter waited a certain time. All persons dealing with him are bound to know this limitation of his rights. To hold that his grantee may enter without reference to the imposed condition is in effect to nullify the statute. To ground legal rights opposed to the terms of the statute upon ineffectual attempts to obey the statute is to introduce confusion and to make legal titles uncertain. We are of opinion that the defendant was unlawfully in possession of the land and had not a colorable right to possession. In so deciding we do not mean to determine whether the statute invoked (3 Comp. Laws, § 10995) has application in any case arising between an owner of the original, or government, title and a tax title

holder under the present tax law. See 1 Comp. Laws, §
3927. We hold that, if it has application, defendant is
not within its terms. Having no right to possess the
premises because of the express legislative prohibition,
neither defendant nor her grantor may assert a right to
recover in this action for the improvements made upon
the land.

There is a further question, not raised or determined in
the trial court, which is suggested by the facts, to which
question we have called the attention of counsel, who have
discussed it in briefs filed since the hearing. It involves
the right of the plaintiff to recover the land in this pro-
ceeding; it appearing that the State has twice acquired
title to the land in tax proceedings which are not assailed,
and it not appearing that, before defendant's grantor
entered, the land was other than unoccupied and uncul-
tivated. See *White* v. *Dunsmore, supra.*

It is said in behalf of plaintiff, and is true, that it does
not appear whether plaintiff has paid to the register in
chancery the amount necessary to secure a reconveyance
of the land. But it cannot be said that the point is not
raised by the record. It is assigned as error that the court
decided that plaintiff was owner of the premises and en-
titled to the possession of them. The court did so decide.
Upon the record presented we think the ruling of the trial
court was erroneous, but for a reason not urged to the
trial court. *White* v. *Dunsmore, supra.*

The judgment is in all respects reversed, and, as it can-
not be said that upon the points decided either party has
prevailed, neither will recover costs of this court.

MOORE, C. J., and STEERE, BROOKE, and STONE, JJ.,
concurred.