CLOSSER *v.* McBRIDE.

1. TAXATION—NOTICE OF REDEMPTION—SUBSEQUENT ASSESSMENT
   —AMOUNT TO REDEEM.
   In giving notice to the owner of lands that have been sold
   for unpaid taxes, the purchaser may properly include in
   the amount required to redeem the taxes for previous
   years which remain unpaid, and which the tax purchaser
   was required to pay in order to obtain title.

2. SAME—DESCRIPTION.
   The tax title was not void because in giving such notice
   he grouped in one parcel the N. W. ¼ of the N. W. ¼
   and the N. E. ¼ of the N. W. ¼, or the N. ½ of the N. W.
   ¼, as it appeared in his tax deed, although the assess-
   ments for previous years were levied and returned against
   the separate parcels.

3. SAME—AMOUNT REQUIRED TO REDEEM.
   But the notice should disclose the exact and correct amount
   which may be required for redemption, or it will be in-
   valid.

4. SAME.
   Hence a notice which included in the total named as the
   sum required to redeem from the tax title, the tax of a
   year following that for which the property was sold, in-
   cluding penalties based on the additional tax, was invalid,
   since the notice demanded an excessive amount.

5. SAME—TRESPASS.
   The tax notice being void, defendant became a trespasser
   in entering into possession and retaining possession of the
   real property.

6. SAME—DEEDS—RIGHT OF REDEMPTION.
   A purchaser by getting a quitclaim deed from the holder
   of the record title from the government secured the right
   to redeem from the holder of a tax deed who had failed
   to serve a valid notice.

7. SAME—RIGHT OF REDEMPTION.

> Having deposited with the register in chancery the sum required to redeem the lands, plaintiff was entitled to maintain ejectment without securing a reconveyance of the property. Act No. 229, Pub. Acts 1897, § 141 (1 How. Stat. [2d Ed.] § 1912).

8. SAME—EJECTMENT—IMPROVEMENTS.

> Nor was the occupier entitled to recover for improvements under 1 Comp. Laws, § 3927 or § 10995 (1 How. Stat. [2d Ed.] § 1875, 5 How. Stat. [2d Ed.] § 13195).[1]

Error to Chippewa; Fead, J. Submitted June 18, 1914. (Docket No. 118.) Decided October 2, 1914. Rehearing denied December 19, 1914.

Ejectment by Dayton W. Closser against James McBride. Judgment for plaintiff. Defendant brings error. Affirmed.

*John W. Shine,* for appellant.

*Davidson & Hudson,* for appellee.

BROOKE, J. This case was tried before the court without a jury. The opinion of the learned circuit judge fully states the facts involved and the law applicable thereto. We, therefore, adopt it as our own. It follows:

## "FINDINGS OF FACT.

"This is an action of ejectment brought by the plaintiff, claiming to be the owner of the original title to the lands herein described, against the defendant, who claims title by virtue of a certain tax deed and notice and possession thereunder for the period of five years and upwards. The land is described as the N. ½ of the N. W. ¼ of section 1, township 46 north, of range 2 west, in Chippewa county, Mich.

"(1) Plaintiff is the owner of the original title to

---

[1] As to the right of one holding under invalid tax deed to be reimbursed for improvements, see note in 34 L. R. A. (N. S.) 1144.

said lands by virtue of the following conveyances: (a) Patent from the United States to Joseph Miller, dated May 25, 1885; (b) warranty deed from Joseph Miller to E. S. B. Sutton, dated August 2, 1883; (c) quitclaim deed from E. S. B. Sutton and wife to Dayton W. Closser, dated February 12, 1912.

"(2) It is conceded that defendant is in possession of the premises, claiming ownership under tax deed and notice. It is also conceded that demand for possession was made upon him by plaintiff, and possession was refused.

"(3) The tax deed under which defendant claims is dated July 29, 1903, and was issued for the taxes of 1899. He purchased the lands at the county treasurer's sale in May, 1902, for the sum of $9.67, and received a certificate of purchase therefor. After waiting one year, he returned the certificate to the auditor general and received his tax deed.

"(4) At the time of the purchase in May, 1902, defendant was also required to purchase said lands for the taxes of 1897 and 1898, paying therefor the sum of $29.08; it then appearing on the State tax land list for those years. For the taxes of 1897 and 1898, the defendant received from the county treasurer two certificates of purchase which he still holds and for which he has not received deeds.

"(5) For the taxes of 1897 and 1898, the land appears described in 40-acre parcels, i. e., as the N. E. 1/4 of the N. W. 1/4 and the N. W. 1/4 of N. W. 1/4, respectively, in the delinquent returns, proceedings for sale, tax record, State tax land list, and certificates of purchase. For the taxes of 1899 the land was assessed as one description, i. e., as the N. 1/2 of N. W. 1/4, and so appears in all proceedings.

"(6) On May 4, 1903, the defendant also paid the taxes of 1900 ($6.19), but not as a condition of purchase, and for which he received a certificate of redemption.

"(7) On August 28, 1903, the defendant caused a tax notice to be served personally on the original owner of record, E. S. B. Sutton, and also on the Duluth, South Shore & Atlantic Railway Company. The railway company apparently has a track over part of the land, but its title does not appear in the evi-

dence. No question is raised as to such title or service. The notice, with the return of the officer, was filed in the office of the county clerk on September 3, 1903.

"(8) The tax notice is in the statutory form, the controversial part of which is as follows:

" 'Description of Land.

" 'Situated in Chippewa county, State of Michigan. Lot. Block. Plat, addition or other description, giving name of city or village when necessary. N. ½ of N. W. ¼ of sec. 1, town 46 N. range 2 W.; taxes paid for the years 1897 and 1898, $29.08, 1899, $9.67, 1900, $6.19, making in all $44.94.'

"(9) At the time the tax notice was served, the land was wild and uncultivated and was not in actual possession of any one. About the latter part of May or the fore part of June, 1904, the defendant took possession of the land and has held it continuously ever since. He has made improvements on the premises which have enhanced the value of the land $185. He took off crops at different times, the profits of which would amount to about $48. The possession of the defendant has been of such a character as would, in a proper case, give title by adverse possession.

"(10) On March 13, 1912, plaintiff deposited with the register in chancery of Chippewa county the sum of $82.50 with the certificate of the auditor general, under section 143 of the tax law, for the purpose of redeeming the lands from defendant's tax purchase. On April 3d, he deposited an additional $5 for the same purpose, making his total deposit $87.50, which sum is still in the hands of the register for the purpose of such redemption. The register, on March 29, 1912, notified defendant of the deposit by letter. Defendant has not accepted the money nor given a quit-claim and release to plaintiff.

"(11) All files and records and exhibits form part of these findings of fact.

"CONCLUSIONS OF LAW.

"1. Defendant's tax deed was valid.

"2. Defendant properly included the taxes of 1897 and 1898 in the tax notice. They had been paid as a condition of purchase. *Backus* v. *Cowley*, 162 Mich. 589 (127 N. W. 775).

"3. The tax notice was not void because the descriptions were grouped. The description in the notice conformed to that in the deed. *Loud* v. *O'Brien,* 167 Mich. 209 (132 N. W. 495).

"4. The tax notice was void, for the reason that it included the taxes of 1900, which were not paid as a condition of purchase. This question has not been passed upon directly by our Supreme Court, but it has been held that where there are several descriptions in the notice, it must show the amount paid for each description during the whole time covered by the notice. *Haden* v. *Closser,* 153 Mich. 183 (116 N. W. 1001); *Jackson* v. *Mason,* 143 Mich. 357 (106 N. W. 1112); *G. F. Sanborn Co.* v. *Johnson,* 148 Mich. 406 (111 N. W. 1091).

" 'It is a fair construction of the language of section 140 of the tax law * * * which requires that the notices given shall indicate the sum required to be paid to obtain a reconveyance of any description of land in the tax deed, whether sold and held for the taxes of one or those of several years.' *John Duncan Land, etc., Co.* v. *Rusch,* 145 Mich. 1 (108 N. W. 494).

"The notice should disclose the exact and correct amount necessary to redeem, or it will be invalid. *Teal Lake Iron Mining Co.* v. *Olds,* 178 Mich. 335 (144 N. W. 845); 37 Cyc. p. 1402.

"It is evidently the purpose of the notice to inform the original owner that his land has been sold for taxes and, also, of the amount necessary to redeem from the sale. Such, also, is the effect and import of the foregoing decisions. The notice here does not conform to this requirement. The original owner could not, from the notice itself, compute the correct amount he would be required to pay in order to redeem. Even though, as defendant contends, he should be entitled to reimbursement for the 1900 tax to protect his tax lien, he would not be entitled to penalties thereon, which the notice demands. The 1900 tax is not separated, but appears as though it were paid as a condition of purchase, and is added in the total. The notice, therefore, claims an amount in excess of legal demands, and is not a compliance with the statute.

"5. The tax notice being void, defendant was a tres-

passer in entering into possession and in retaining possession. At the time of the commencement of this suit, he had no right of possession. Section 142 of the tax law; Pub. Acts 1893, No. 206, as amended by Pub. Acts 1903, No. 83; *Morrison* v. *Semer,* 164 Mich. 213 (129 N. W. 1).

"6. Plaintiff, by virtue of the quitclaim deed from Sutton, the original owner of record, acquired the original title and the right to redeem the premises from the tax purchase.

"The cases of *Horton* v. *Helmholtz,* 149 Mich. 227 (112 N. W. 930), and *Horton* v. *Salling,* 155 Mich. 502 (119 N. W. 912), cited by defendant's counsel, concern tax titles arising from the law of 1897, and are not in point.

"While the sale to the State and the expiration of the period of redemption divested plaintiff's grantor of his title, the sale of the State to defendant reinvested plaintiff's grantor with a title, interest, right, or privilege to redeem which he did not before possess. *Griffin* v. *Kennedy,* 148 Mich. 583 (112 N. W. 756).

"It seems to have been presumed that this privilege may be transferred by the original owner. *G. F. Sanborn Co.* v. *Alston,* 153 Mich. 463 (117 N. W. 625); *G. F. Sanborn Co.* v. *Johnson,* 148 Mich. 408 (111 N. W. 1091); *Chandler* v. *Clark,* 151 Mich. 183 (115 N. W. 65).

"Whatever the right of the original owner may be, it concerns real estate. I can see no reason why such right should not be transferable, and if it is, a quitclaim deed would be the natural method. Plaintiff's title is sufficient to sustain an action of ejectment against the defendant for possession of the premises.

"Defendant contends that, under the decisions in *White* v. *Dunsmore,* 167 Mich. 549 (133 N. W. 523), and *Powell* v. *Pierce,* 168 Mich. 433 (134 N. W. 447), the plaintiff cannot maintain ejectment until he has secured a reconveyance of the land from the purchaser, *i. e.,* until he has obtained a quitclaim deed and release of the defendant's interest. Some of the language in *White* v. *Dunsmore* might seem to sustain that position, but I do not so construe the decision of the court. It will be noted that the trial court held the plaintiff could not bring suit for trespass until he

had taken advantage of his privilege to redeem by depositing the amount necessary therefor with the register in chancery. In the decision the court says:

"'But we are of the opinion that the trial court was right in holding that the former owner could not, before securing a reconveyance of the land, maintain this action.'

"This language would indicate that the deposit of the redemption money works a reconveyance. Other language of the decision intimates that the deposit determines the right of the parties, and such, I apprehend, is the intent of the statute.

"Section 141, Pub. Acts 1897, No. 229, amending Pub. Acts 1893, No. 206, is obviously a redemption statute, it provides for redeeming the lands from the tax sale. By deposit of the necessary sum with the register, which is one method pointed out in the statute by which the original owner may redeem, the tax deed and certificates become 'void and of no effect against the lands thus redeemed.' Section 141 of the tax laws; *Miller* v. *Steele*, 146 Mich. 127 (109 N. W. 37).

"'The word "redeem" means to "buy back," to liberate an estate by paying the debt for which it stood as security; to purchase; to receive back by paying the obligation; to regain.' 34 Cyc. p. 766.

"It would appear that, upon redemption in the statutory manner, something more than a mere right to compel a quitclaim and release from the tax purchaser accrues to the original owner. The tax purchaser becomes divested of all his interest in the premises by redemption. Would it be said that his interest remains in abeyance, vesting nowhere, until he has given a deed? Obviously not. It would be 'redeemed,' 'repurchased,' 'bought back,' 'regained,' by the original owner, and his estate would be 'liberated' from the lien against it. Such, as I view it, would be the effect of the deposit of the redemption money with the register, and, as plaintiff deposited such money before the commencement of this suit, it appears to me that he has become reinvested with the whole title and the present right of possession.

"8. The defendant is not entitled to recover for the improvements made upon the premises. His entry

was in violation of the provisions of Public Acts 1903, No. 110, and occupancy for six years would not entitle him to compensation.

"The case of *Powell* v. *Pierce*, 168 Mich. 432 (134 N. W. 447), is on all fours with the one at bar as concerns this particular question. In that case the defendant's grantor entered in May, 1903, conveyed by warranty to defendant in April, 1906, and claim was made that defendant and her grantor had peaceably occupied the land for six years before suit began, under color of title and in good faith. In December, 1902, an attempt had been made, but ineffectually, to give the statutory notice. The court held that defendant was not entitled to compensation for improvements either under 1 Comp. Laws 1897, § 3927, or 3 Comp. Laws 1897, § 10995.

"Judgment will therefore be entered in favor of the plaintiff and against the defendant in the usual form in ejectment for possession of the premises, together with the plaintiff's costs to be taxed."

The judgment is affirmed.

McALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.