## JACKSON *v.* MASON.

1. TAXATION — SALES — PETITION — DESCRIPTION OF LAND — SUFFI-
CIENCY.

In a petition for the sale of lands for taxes, the land is suffi-
ciently described where the name and description of the sub-
division is given, followed by the lot number and the tax due
thereon, followed by the name and description of another
subdivision with the numbers of lots therein to be sold with
the amounts due on each, etc., the sequence of items in the
list sufficiently indicating whether a particular lot is in the
preceding or following subdivision.

2. SAME — NOTICE TO REDEEM — DESCRIPTION OF LAND — SUFFICI-
ENCY.

A notice to redeem land from a tax sale is not insufficient be-
cause failing to describe the land, where the error relied upon
is that in naming the subdivision of the city of which the lot
is a part the decimal point is omitted, so that the subdivision
is stated as containing 944 acres instead of 9.44 acres.

3. SAME—SEVERAL PARCELS.

Where several parcels of land are separately assessed and sold
to the same purchaser, a single deed is sufficient and they
may all be included in one notice, but the amount paid for
each parcel must be stated so that persons interested may re-
purchase any one or any number of the several parcels.

4. SAME — RIGHT TO NOTICE — PURCHASERS UNDER LAND CON-
TRACTS.

Whether purchasers under contract of lands sold for taxes, who
have availed themselves of their right to have their contracts
recorded, are not entitled to the statutory notice to redeem
from the sale, though not within the letter of the law, quære.

Appeal from Wayne; Frazer, J.   Submitted February
9, 1906.   (Docket No. 124.)   Decided March 13, 1906.

Petition by Alfred Jackson against Joseph T. Mason
and others for a writ of assistance.   From an order dis-
missing the petition, petitioner appeals.   Affirmed.

*Sheridan J. Colby*, for petitioner.

*J. Emmet Sullivan*, for defendants.

HOOKER, J.    The appellant's petition for a writ of assistance, filed under the provisions of section 137 of the tax law (1 Comp. Laws, § 3958), was dismissed.

Counsel for the appellee contend:

(1) That the description in the auditor general's petition is defective, and did not give the court jurisdiction to order the sale of the lots in question.

(2) The notice served described the lots as being in Sullivan & Russell's Subdivision of west 944 acres, etc.    It should have been the Sullivan & Russell's Subdivision of 9.44 acres.

(3) The notice served contained a description of all of the 24 lots, and stated that a reconveyance could be had upon payment of an aggregate sum of $41.28 (including the purchase price paid for all of the several lots), together with 100 per cent. additional, and the fees of the sheriff, etc., and the further sum of $5 for each description; said lots being assessed and sold separately.

(4) Notice was not served upon several persons holding land contracts for separate lots, and they were entitled to notice under the statute.

1. The descriptions in the petition were entered as follows:

"Taxes of 1896.

"Township of Springwells. '

"Sullivan & Russell's Sub. of W. 9 44–100 acres of P. C. 40 lying N. of Mich. Avenue.

| "Lot | Amt. of Taxes. | Interest. | Collection Fee. | Charges. | Total. |
|------|------|------|------|------|------|
| 55 | $0.84 | $0.15 | $0.03 | $0.70 | $1.72 |

[Here follow other lots.]

"Tait & Harbough's Addition on W. 12 32–100 acres of P. C. 45."

[Here follow entries of lots in this addition.]

It is said that the description is indefinite, for the reason that the petition does not indicate whether the lots were in Sullivan & Russell's or Tait & Harbough's subdivision.    In our opinion there is no force in this claim. See *Auditor General* v. *Sparrow*, 116 Mich. 574.

2. The statutory notice served upon Mason and others is attacked upon the ground of a defective description. It was as follows:

"Lots fifty-five (55) to fifty-eight (58) inclusive * * * of Sullivan & Russell's Subdivision of West 944 acres of private claim 40 North of Michigan Avenue, in the township of Springwells, county of Wayne and State of Michigan, as per plat thereof recorded in Liber 14 of plats on page 91, Wayne county Records."

The specific defect is in the description 944 acres, whereas the plat shows it to be 9.44 acres. In other words, the omission of the decimal point is said to be fatal. The description is unmistakable, and therefore valid.

3. The lots were sold separately, being so assessed. The aggregate purchase price was $41.28 (1896 tax), as stated in the notice. Our understanding is that they were included in one deed, as it was proper that they should be. And we have no doubt that all might properly be included in one notice, thereby avoiding unnecessary expense. But it is also true that the persons interested had the right to repurchase any one or any number of the separate lots, and were not required to purchase all. We have held that, where a notice was based upon several years' taxes, a notice giving the aggregate was proper. *Williams* v. *Olson*, 141 Mich. 580; *Tucker* v. *Van Winkle*, 142 Mich. 210. This was for the reason that to repurchase all taxes upon the description must be paid. Where, however, as in this case, there are various descriptions separately sold, the amount paid for each should be given in the notice, failing in which the notice is not a compliance with law.

4. While vendees in land contracts are not mentioned in the statute (Pub. Acts 1893, Act No. 206, § 141, as amended by Act No. 229, Pub. Acts 1897), such a vendee is entitled to have his contracts recorded, and where he has availed himself of the privilege, there is much force in the claim that he falls within the spirit of the statute, although

not within its letter, and is entitled to notice. As the defect in the notice disposes of the case, we need not decide the latter question.

The order of the learned circuit judge is affirmed.

Grant, Blair, Montgomery, and Ostrander, JJ., concurred.