# JUNE TERM, 1906.*

---

## JOHN DUNCAN LAND & MINING CO. *v.* RUSCH.[1]

1. TAXATION—TAX TITLES—NOTICE TO REDEEM—SUFFICIENCY.

   When a description of land has been sold for the taxes of several years, and a single tax deed issued to a purchaser from the State, the notice to redeem required by section 140 of the tax law (Act No. 229, Pub. Acts 1897) is good if it specifies the amount paid for the deed.

2. SAME.

   If a tax deed contains several descriptions of land, sold for the taxes of a single and the same year, the notice to redeem should specify the amount required to redeem each description.

3. SAME—REAL ESTATE—ASSESSMENT.

   When one owner owns a section of land it is not necessary to divide and value it for taxation by 40-acre descriptions.

4. SAME—TAX TITLES—NOTICE TO REDEEM—SERVICE—COPY—SUFFICIENCY.

   A notice to redeem from a tax sale under section 140 of the tax law (Act No. 229, Pub. Acts 1897) is sufficient if an exact copy of the notice be served.

5. SAME — DECEASED OWNER — SERVICE ON EXECUTOR — SUFFICIENCY.

   With respect to the service of the notice to redeem from a tax sale, under section 140 of the tax law (Act No. 229, Pub. Acts 1897), the fact of service and not the return of the officer making the service controls, and a notice addressed to a deceased owner, and served on his widow, who is his executor, is sufficient, though the officer's return merely states that the service was made upon the widow.

---

* Continued from Vol. 144.
[1] Rehearing denied July 24, 1906.

6. SAME—BILL TO SET ASIDE SERVICE—DISMISSAL.

>  A bill to set aside a notice to redeem and the service thereof
>  cannot be dismissed on the ground that the notice gave the
>  proper persons notice of defendant's interest in the land, and
>  that no one was deceived, where the objections to the notice
>  are such that they might be presented upon application of
>  defendant for a writ of assistance.

7. SAME—TAX DEED—TITLE OF PURCHASER.

>  Tax deeds issued by the State, being expressly made subject to
>  the relevant conditions imposed by Act No. 229, Pub. Acts
>  1897, as amended, convey no interest not liable to be divested by
>  proceedings under that act, and a contention that the statute
>  attempts to provide a forced transfer by one owning title to
>  lands is untenable.

Appeal from Gogebic; Haire, J. Submitted February 9, 1906. (Docket No. 128.) Decided July 9, 1906.

Bill by the John Duncan Land & Mining Company against Albert H. Rusch to set aside a certain tax notice and the service thereof. From a decree dismissing the bill, complainant appeals. Reversed, and decree entered for complainant.

The bill of complaint, filed January 16, 1905, by one claiming to be the owner of the original or government title to the N. ½ of section 12, in town 47 N., of range 42 W., prays that a certain tax notice and the service thereof be declared void and be set aside, and that defendant be required to convey to complainant said land upon payment of the amount he paid for a certain tax deed, plus 100 per cent., and plus the additional sum of $5 for each description of land contained in the deed, less the costs of this proceeding. There was a decree dismissing the bill of complaint.

It appears that complainant had no title to the premises when the tax notices were served. The original record title was in Patrick A. O'Donald, Charles S. Draper, and Henry Gamble, and James B. Peters was holder and owner of a recorded tax deed. The tax notices were addressed to these persons respectively, and were served

upon each of them, except Charles S. Draper. Mr. Draper was dead. By his will, duly probated, his wife, Sarah T. Draper, was made sole executrix and devisee, and on September 19, 1892, she had filed her approved bond, conditioned to pay all debts, etc. The notice was served on Mrs. Draper, who is described in the return made by the sheriff as " wife of Charles S. Draper, deceased."

Complainant thereafter derived its title to the land by quitclaim deeds from the owners above named, including Mrs. Draper, but at what particular date or dates neither the record nor the briefs afford information. The notice is here set out:

" To Patrick A. O'Donald, Charles S. Draper and Henry Gamble, owners of, and James B. Peters, the holder of, tax title to the lands herein described:

" Take notice, that sale has been lawfully made of the following described land for unpaid taxes thereon, and that the undersigned has title thereto under tax deed issued therefor, and that you are entitled to a reconveyance thereof at any time within six months after service upon you of this notice, upon payment to the undersigned of all sums paid upon such purchase, together with one hundred per cent. additional thereto, and the fees of the sheriff for the service or cost of publication of this notice, to be computed as upon personal service of a declaration as commencement of suit, and the further sum of five dollars for each description, without other additional costs or charges. If payment as aforesaid is not made, the undersigned will institute proceedings for possession of the land.

" Description of Land.

| Lot. | Block. | Plat, Addition or Other Description. | Sec. | Town. | Range. | Amount Dollars. | Paid Cents. |
|---|---|---|---|---|---|---|---|
| | | ___N. E. ¼ of N. E. ¼___ | 12 | 47 | 42 | | |
| | | ___N. W. ¼ of N. E. ¼___ | 12 | 47 | 42 | | |
| | | _:_S. W. ¼ of N. E. ¼___ | 12 | 47 | 42 | | |
| | | ___S. E. ¼ of N. E. ¼___ | 12 | 47 | 42 | | |
| | | ___N. E. ¼ of N. W. ¼___ | 12 | 47 | 42 | 648 | 74 |
| | | ___N. W. ¼ of N. W. ¼___ | 12 | 47 | 42 | | |
| | | ___S. W. ¼ of N W. ¼___ | 12 | 47 | 42 | | |
| | | ___S. E. ¼ of N. W. ¼___ | 12 | 47 | 42 | | |

" Gogebic County, Michigan.

"Taxes for years 1889, 1890, 1891, 1892, 1893, 1894, 1895, 1896, 1897, 1898, 1899, 1900, and 1901.

"Yours respectfully,

"ALBERT H. RUSCH.

" Place of business: Reedsville, Wisconsin.

" Dated Oct. 18, 1902."

It appears that defendant has a tax deed, dated August 25, 1902, conveying, by 40-acre descriptions, the N. E. ¼, and the N. E. ¼ of the N. W. ¼ of the section, for the taxes of 1895, 1896, 1897, and 1898, for a consideration of $150.40, and a deed of same date conveying by 40-acre descriptions the remainder of the N. ½ of section 12 and the S. E. ¼ of the N. W. ¼ of section 18, same town and range, for a consideration of $120.32, for taxes of the same years.     In the bill of complaint it is stated that defendant holds a certain tax deed conveying said premises for the delinquent taxes of 1889 to 1901, both inclusive, for which he paid $648.74 "as your orator is informed and believes," and in the answer this allegation of the bill is admitted. The stipulated facts, however, are that at the time of the service of the notice defendant " had a tax certificate for the purchase of said lands for the taxes of the year 1899, and later received two deeds, each of which, for one consideration, conveyed separate and distinct 160 acres of said described lands, and for the taxes of the years 1890 and 1899 said defendant had tax certificates for the purchase of said described land, and subsequently received a separate and distinct deed for each 40 acres of said described lands, for one consideration, for the years of taxes as aforesaid.     And that defendant paid the taxes for the other years, as stated in the tax notices, as a condition of purchase."

The land was listed for taxation in years 1895 to 1898, inclusive, in 40-acre descriptions.     It is charged in the bill, and admitted by the answer, that the sheriff served the notice on Gamble and on Mrs. Draper by delivering a copy thereof.

Three objections to the sufficiency and effect of the tax notices are made in the brief for complainant:

(1) The amount of the taxes should have been specified by 40-acre descriptions.  (2) Copy of the tax notice, instead of an original notice, was served.  (3) The service upon Mrs. Draper was ineffective; the statute providing for service, in such cases, upon the executor or administrator of the deceased owner.

*J. F. Carey*, for complainant.

*O. H. Reed*, for defendant.

Ostrander, J. (*after stating the facts*).  1. It has been decided (*Williams* v. *Olson*, 141 Mich. 580) that, when a description of land has been sold for taxes of several years, and a single tax deed issued to a purchaser from the State, the notice is good if it specifies the amount paid for the deed.  We have held, also, that, if the tax deed contains several descriptions of land, sold for the taxes of a single and the same year, the notice should specify the amount required to redeem each description. *Jackson* v. *Mason*, 143 Mich. 355.  The statute (section 141, general tax law), expressly provides that the person holding certain interests in the land, as grantees, mortgagees, shall be entitled to a reconveyance "of such interests in such lands so held."  The usual method of assessment of unoccupied lands, outside of plats, is by a government description corresponding to the owner's holdings.  It is not necessary, when one owner owns a section of land, to divide and to value it for taxation by 40-acre descriptions.  It is a fair construction of the language of section 140 of the tax law, and one which accords with the purpose of the law, which requires that the notices given shall indicate the sum required to be paid to obtain a reconveyance of any description of land in the tax deed, whether sold and held for the taxes of one or for those of several years.  This the notice here in question did not do.  In other respects, the notice seems designed to convey as little intelligence as possible.  It speaks of a

single deed, and the meaning to be gathered from it is that a single deed conveying each of the eight 40-acre descriptions was issued for the taxes of 13 years. It appears that, at the time the notice was served, defendant did not have deeds of portions of the lands for several of the years.

2. The statute requires service of a notice. The form of the notice is set out in the statute. The purpose of the notice is to direct the attention of the persons upon whom it is served to the fact that the land has been sold, and that a repurchase of it may be made under conditions. We are not prepared to say that the legislature, in the use of the words " a notice" in one part of the section, and "a copy of said notice" in another part of the section, meant to distinguish between a paper signed by the owner of the tax titles and a copy of that paper which conveyed exactly the same intelligence. The purpose of the act is accomplished when the necessary knowledge is acquired by the persons upon whom notice is required to be served. What the statute aims to have communicated to owners of land is knowledge of the facts which the form of the notice is calculated to afford them. This knowledge is conveyed as well by a copy as by an original, and we are of opinion that a construction of the statute which would require that an original notice be in all cases served would be overnice, and we shall decline to so hold. The service by copy was a sufficient service.

3. The notice in the case at bar was addressed to the owners, by name, and among those named was Charles S. Draper. This corresponded with the record. The notice was sent to the sheriff of Saginaw county and was served, by a copy, upon Mrs. Draper, the widow. It appears that she was the proper person to whom notice should have been given; she being in fact the executor of the last will and testament of her deceased husband. The return of the officer does not indicate this fact. The question presented is whether the court shall accept the return of the officer which does not sufficiently, for the purpose

of the statute, describe the person served, or the fact, made to appear, that the proper person was served. I think, for reasons set out in *Williams* v. *Olson*, supra, that the fact should control.

In the brief of counsel for defendant, it is urged that the averments of the bill of complaint show, affirmatively, that the proper persons had notice of the defendant's interest in the land; that more than six months elapsed after service of the notices before the bill was filed, and, as it does not appear that any one interested was deceived or injured, the court below was right in dismissing the bill of complaint. To this it may be replied that, upon application by defendant for his writ of assistance, the objections now made to the proceedings could be presented. Nor can it be properly said that the objections to the form of the notice are merely technical.

Defendant insists, also, that the statute provisions which have been considered are not constitutional because not within the title of the act, and because in effect they provide for a forced transfer by one owning a title to lands. Various possible consequences of enforcement of the law are pointed out and claimed to amount to limitations of constitutional rights. It will not be profitable to follow, here, the discussion undertaken. The deeds which the defendant received from the State are expressly made subject to the relevant conditions imposed by Act No. 229, Pub. Acts 1897, as amended. Whatever the title which the State held, it sold to defendant an interest in the lands which was liable to be divested.

The decree below is reversed. A decree will be entered in this court in conformity with the prayer of the bill, upon payment to defendant of the amount tendered in the bill of complaint. It appearing that the complainant, before the filing of the bill, offered to pay to defendant the statutory amount to obtain reconveyance, complainant will recover costs of both courts.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.