G. F. SANBORN CO. *v.* JOHNSON.

1. TAXATION—TAX SALES—NOTICE TO REDEEM—SUFFICIENCY—SEVERAL PARCELS.

A notice to redeem from a tax sale, pursuant to section 140 of the tax law (section 3959, 1 Comp. Laws), is insufficient where it describes several parcels and does not specify the amount required to redeem each parcel.

2. SAME—WRIT OF ASSISTANCE—JURISDICTION TO ISSUE—SUFFICIENCY OF NOTICE.

A notice to redeem from a tax sale under section 140 of the tax law, which is insufficient for that purpose, which states, "If payment as aforesaid is not made the undersigned will institute proceedings for possession of the land" is not sufficient, without further process, to confer jurisdiction on the court to issue a writ of assistance.

3. SAME—CONTINUATION OF PROCEEDING.

Where an application for a writ of assistance was not entitled in the tax sale proceedings on which the applicant's claim was founded, was not filed in such proceedings, and did not refer thereto, it was in no sense a continuation of such proceedings, but was a separate suit.

4. SAME—RIGHT TO REDEEM—LACHES.

Where a tax title purchaser never entered into possession of the land, and because of defects in his notice to redeem never acquired the right to the possession, the landowner is not barred of his right to quiet his title because he delayed three or four years after the purchaser procured a writ of assistance before bringing suit.

Appeal from Gogebic; Cooper, J. Submitted April 8, 1907. (Docket No. 28.) Decided May 18, 1907.

Bill by the G. F. Sanborn Company against Oscar Johnson and James B. Bradley, auditor general, to remove a cloud from the title to certain land. From a decree dismissing the bill, complainant appeals. Reversed, and decree entered for complainant.

*Taggart, Denison & Wilson*, for complainant.

*Herb. M. Norris*, for defendant Johnson.

CARPENTER, J.    Complainant, claiming to be the owner of a certain 40 acres of land situated in Gogebic county, brings this suit in equity to remove a cloud upon its title. That cloud consists of a tax title arising from the nonpayment of the taxes assessed upon said land for the years 1896 and 1897.    This title was in its inception regular and was purchased by the State.    In 1901, after the time of redemption had expired, the land was sold and regularly deeded by the State to John Martin and John Winberg.    Very soon after their purchase Martin and Winberg undertook to give the statutory notice prescribed by section 140 of the tax law (1 Comp. Laws, § 3959).    This notice described four parcels of land, and stated, not the amount paid for each parcel, but the aggregate amount paid for all, and was served on the agent of the Persis Iron Company, complainant's grantor, who then owned the land.    February 15, 1902, about 11 months after said notice was given, Martin and Winberg applied to the circuit court for the county of Gogebic, in chancery, for a writ of assistance, and that court at once made an order directing the issuance of said writ and adjudging petitioners "duly entitled to the possession of the premises."    No notice of the application for said writ was served upon complainant's grantor, the then owner of said premises, and no one appeared in its behalf.    A few days after this order was granted, Martin and Winberg, by quitclaim deed, conveyed the land in controversy to defendant Johnson.    The land is wild and unoccupied, and never was in the actual possession of Johnson or of Martin and Winberg.    April 24, 1905, the Persis Iron Company conveyed the land to complainant.    Shortly thereafter complainant undertook to redeem, and tendered Johnson the amount specified in section 141 of the tax law, and demanded a quitclaim deed of the land.    Johnson refused

to accept that tender and to execute said deed. The circuit court held that the foregoing facts did not entitle complainant to relief, and dismissed its bill. Complainant appeals.

The decisive question in the case is this: Had complainant at the time it made the tender to defendant the right to redeem from the tax title owned by him? In the circuit court this right was denied upon the ground that the right of redemption expired six months after Martin and Winberg gave the Persis Iron Company notice to redeem. This contention is unsound, because that notice did not comply with the law (section 140 of the general tax law), directing it to be given. It was utterly insufficient, because it did not specify the amount for which each parcel of land was sold. *Jackson* v. *Mason*, 143 Mich. 355; *John Duncan Land & Mining Co.* v. *Rusch*, 145 Mich. 1.

It is further contended that the order adjudging Martin and Winberg entitled to the possession of the land and awarding the writ of assistance is an adjudication of complainant's rights which cannot be assailed in this suit. This contention would be sound if the court had jurisdiction to make that order. On the other hand, the adjudication is of no force whatever if the court lacked jurisdiction. We must, therefore, determine this important question, viz.: Had the court jurisdiction to determine that Martin and Winberg were entitled and that complainant's grantor was not entitled to the possession of the land? The principle is elementary that, when one does not voluntarily appear, notice is essential to give a court jurisdiction to adjudicate his rights in property. Says Justice Brown, speaking for the Supreme Court of the United States, in *Roller* v. *Holly*, 176 U. S. 409:

"That a man is entitled to some notice before he can be deprived of his liberty or property is an axiom of the law to which no citation of authority would give additional weight."

It is true that in proceedings in rem, and I think the proceedings under consideration were in rem, that notice

need not be personally served.    It may there be given "by some species of publication or proclamation" (Cooley on Constitutional Limitations [7th Ed.], p. 581), but it must be "reasonable and adequate for the purpose." *Roller* v. *Holly*, supra.

It is urged that the notice calling upon the Persis Iron Company to redeem gave the court jurisdiction to issue the writ of assistance.    It is true that this notice, which was given 11 months before the writ of assistance was applied for, stated:

"If payment as aforesaid is not made, the undersigned [Martin and Winberg] will institute proceedings for possession of the land."

Whoever insists that this language was effectual as a notice of the proceedings subsequently taken in this case must maintain that it imposed on the owner the duty of being constantly in court and at all times prepared to oppose an attack upon his title.    That is not the import of the language, "The undersigned will institute proceedings for the possession of the land."    From this the owner has a right to infer that the proceedings to be instituted will be carried on with due regard to his rights, viz., that he will be afforded an opportunity of being heard; that notice will be given him when they are instituted.    In our judgment, the notice to redeem did not give the court jurisdiction to issue the writ of assistance.

It is also claimed that the application for the writ of assistance was merely a continuation of the proceedings under which the land was sold for the nonpayment of taxes, and that the publication of the notice of those proceedings gave the court jurisdiction to issue said writ of assistance.    Whether this reasoning is sound or not we will not undertake to determine.    It is sufficient to say that it rests upon a faulty premise.    The application for the writ of assistance in this case was in no sense a continuation of the proceedings under which the land was sold for nonpayment of taxes.    That application was not

entitled in those proceedings, was not filed in those proceedings, and did not refer to those proceedings.   It was in fact an entirely separate suit.

As a result of this discussion, we decide that the court issuing the writ of assistance did not, because of the absence of notice, have jurisdiction to determine that complainant's grantor was not entitled to the possession of the land in question, and that the order for said writ presents no objection to granting relief in this suit.   We can find nothing to affect the right given complainant by law (sections 140 and 141 of the general tax law) to redeem from defendant's tax deed, and we therefore conclude that its attempted redemption was legal and effectual.

Defendant also contends that complainant was guilty of laches, because he delayed three or four years before instituting this suit.   The facts afford no basis for this contention.   Defendant never entered upon the possession of this land; and, as the notice to redeem was defective, he never acquired the right to the possession.   The doctrine of laches has no application.

The decree of the circuit court should be reversed, and a decree granted complainant in accordance with the prayer in its bill, with costs of both courts.

McAlvay, C. J., and Grant, Blair, and Ostrander, JJ., concurred.