### HADEN v. CLOSSER.

1. APPEAL AND ERROR — BRIEFS — STATEMENT OF FACTS — SUFFICIENCY.

Where the appellee points out no errors in appellant's statement of facts, but makes an entirely distinct statement, raising questions not involved in appellant's statement, in disregard of Supreme Court Rule 40, the court will adopt the statement made by appellant, and consider only the question raised thereby.

2. TAXATION—TAX SALES—NOTICE TO REDEEM—SUFFICIENCY.

Where a description of land is sold for the taxes of several years, the notice given by the tax-title purchaser, under section 140 of the tax law, must show the amount paid for that description, separate from all others, for the entire time covered by the notice.

Case made from Chippewa; Steere, J. Submitted February 19, 1908. (Docket No. 75.) Decided June 27, 1908.

Ejectment by John F. Haden against Dayton W. Closser and others. There was judgment for defendants on a verdict directed by the court, and plaintiff appeals. Affirmed.

*R. A. & W. E. Hawley* (*Oren, Webster & Carleton*, of counsel), for appellant.

*Dayton W. Closser* (*Davidson & Hudson*, of counsel), for appellees.

This is an action of ejectment to recover the standing timber on the W ½, N E ¼, section 23, town 44 N, range 4 W, in Chippewa county. It is brought here on a case made.

Plaintiff claims title through a tax deed from the State. Defendants are the owners of the original title. Under the statement of facts made in appellant's brief, the title depends upon the validity of the notice served upon the original owners under section 140 of the tax law. The defendants point out no errors in the statement of facts, but have made an entirely distinct statement in utter disregard of Supreme Court Rule 40. Defendants' statement of facts raises other questions than the one involved in plaintiff's statement. We will therefore adopt the statement as made in the appellant's brief and consider only the question raised thereby, namely: The validity of the notice above mentioned.

The notice contained many other descriptions, but, as applied to the one here in issue, the notice is as follows:

| "Description. | Sec. | Town | Range | $ | ¢ | Year 1— |
|---|---|---|---|---|---|---|
| "Northwest ¼ of Northeast ¼ | 23 | 44 N | 4 W | 13 | 17 | 1897, 1898, 1890, 1895, and 1896. |
| Northwest ¼ of Northeast ¼ | 23 | 44 N | 4 W | 10 | 12 | 1891, 1892, 1893, and 1894. |
| West ½ of Northeast ¼ | 23 | 44 N | 4 W | 1 | 68 | 1900. |
| West ½ of Northeast ¼ | 23 | 44 N | 4 W | 2 | 54 | 1899. |
| W ½ of N E ¼; S E ¼ of N E ¼ | 23 } | 44 N | 4 W | { 5 | 70 | 1901. |
| And S E ¼ and S ½ of N W ¼ and S W ¼ | 24 } | | | { 5 | 36 | 1902." |

The court directed a verdict for the defendant for the

reason that in stating the amount of taxes upon the W $\frac{1}{2}$ of NE $\frac{1}{4}$ for the years 1901 and 1902, the said description was bunched with the other descriptions and the taxes given in a gross sum, and the notice did not indicate the amount paid for taxes on said description, and therefore the original owner could not determine how much of the taxes for 1901 and 1902 had been paid on said W $\frac{1}{2}$ of NE $\frac{1}{4}$, and were thereby uninformed of the total amount that was paid by the purchaser as a condition of the purchase of said W $\frac{1}{2}$ of NE $\frac{1}{4}$, or how much was required to obtain a reconveyance of the land.

GRANT, C. J. (*after stating the facts*). It is conceded that the first four paragraphs are valid, and that the fifth paragraph is invalid for the reason stated by the learned circuit judge. The question is, as stated by appellant's counsel, Does the one invalid paragraph affect the others, admittedly valid, and render the entire notice, so far as it relates to the land in question, of no legal force or effect ? The precise question has never before been presented to the court. Counsel for the defendants insist that the case is controlled by *Jackson* v. *Mason*, 143 Mich. 355; *John Duncan Land & Mining Co.* v. *Rusch*, 145 Mich. 1; *G. F. Sanborn Co.* v. *Johnson*, 148 Mich. 405. They do not necessarily control it. In those cases the deeds contained several descriptions of land and the notice gave only the sum required to redeem them all as though there was only one description. It was held that the owner of the tax title must state in his notice the amounts for which each parcel was sold, as the original owner was entitled to a reconveyance of any one parcel. In this case four of the paragraphs contain all that the statute requires. The same land was sold for other years, and in describing that sale and deed obtained by virtue thereof the notice did not give the original owner the information required. Standing by itself, the notice would be void under section 140, and under the above decisions.

While there is some force in the contention on behalf

of the plaintiff, that payment upon the valid four paragraphs would have entitled the defendants to a reconveyance of the land, and would have estopped the plaintiff from making any further demand under the 5th void paragraph, my brethren are all of the opinion that it was incumbent upon the plaintiff to state the amount separately in all five paragraphs, and that this case is within the principle of the above cases. I yield to their opinion. We therefore hold that where the same description of land is sold for several years the notice must show the amount of the same description for the entire time covered by the notice.

Judgment affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.