TRUSTEE LOAN COMPANY, a Foreign Corporation, v. MILLIE BOTZ et al.

(164 N. W. 14.)

**Tax sales — statutes — relating to — strictly construed.**

1. Statutes relating to tax sales are construed strictly.

**Taxes — special assessments — statutes — tax sales — general tax — certificate — including special assessments — void.**

2. Section 3733, Compiled Laws of 1913, provides that special assessments may be sold at the same time as general taxes and upon like notice, but such special assessments shall be sold separately and a separate certificate issued therefor, and certificates for special assessments shall so state,—*held* that in a sale of such special assessments at the same time and place as the sale for general taxes, where said special assessments were sold together with the general tax in one sum to the same person, and no separate certificate was issued for the sale of such special assessments, but the sale for such special assessments were included in the same certificate as the general tax, the whole of such tax sale is void, being in direct conflict with said § 3733, Compiled Laws of 1913.

**Taxes — tax sales — excessive amount — special assessments — general taxes — sale for both — included in one certificate — sale void — Constitution.**

3. Where the property taxed is sold for special assessments and general tax, offered together in one sum,—*held* that in effect it is equivalent to selling the property for the general tax for a substantial and excessive sum over the actual taxes assessed and levied on such property. Such sale is void, and is contrary to the provisions of § 22 of the state Constitution, and constitutes an infringement of property rights without due process of law.

**Tax sale — notice of redemption from — several tracts included — separately described — separate amounts — notice giving gross amount — void.**

4. The notice of expiration of redemption in tax sales may describe several tracts in the same notice where sold to the same person, but each tract must be separately described, and the amount required to redeem each tract must be specifically and separately set forth. *Held* in the case at bar, the amount necessary to redeem the several tracts being stated in one gross sum, and not specifically and separately, such notice of expiration of redemption is bad, and conveys no notice of the time of the expiration of redemption, and such tax sale is for that reason wholly void.

**Taxes — tax deed — notice of tax sale — statute — noncompliance with — deed void.**

5. The tax deed in question is invalid and void, there being an improper notice of tax sale, improper tax certificates, improper notice of the expiration of redemption, and an excessive amount of money demanded for redemption. The validity of the tax deed does not depend on the recitals therein, but upon the full and complete compliance with the provisions and requirements of law relative to the sale of property for taxes.

Opinion filed July 9, 1917.

Appeal from the District Court of Ward County, *Leighton,* J. Affirmed.

*Palda & Aaker* and *I. M. Oseth,* for appellant.

Where there is jurisdiction to sell the land for taxes, the fact that an erroneous item was included which rendered the amount excessive will not defeat the whole sale. Beggs v. Paine, 15 N. D. 436, 109 N. W. 322; Smith v. Auditor General, 138 Mich. 582, 101 N. W. 807; Hall v. Moore, 3 Neb. (Unof.) 574, 92 N. W. 294; Shuttuck v. Smith, 6 N. D. 73, 69 N. W. 5; Darling v. Purcell, 13 N. D. 288, 100 N. W. 726.

Parties in interest are given relief from such errors without disturbing the sale. Laws 1897, chap. 67, p. 85; Comp. Laws 1913, § 2193; Shuttuck v. Smith, 6 N. D. 73, 69 N. W. 5; Sutherland v. Brooklyn, 87 Hun, 82, 33 N. Y. Supp. 959; People ex rel. McColgan v. Palmer, 10 App. Div. 395, 41 N. Y. Supp. 760.

"A situation will not be assumed in the absence of proof to defeat the acts of an officer apparently clothed with authority and discharging duties imposed upon him by statute." Fred Miller Brewing Co. v. Capital Ins. Co. 111 Iowa, 590, 82 Am. St. Rep. 529, 82 N. W. 1023; Douglas v. Fargo, 13 N. D. 467, 101 N. W. 919.

"The fact that no affidavit of the posting of a notice of tax sale, as required by law, is found in the files and records, is not rebutting evidence of the recitals of the tax certificate that the notice was duly given." Cook v. John Schroeder Lumber Co. 85 Minn. 374, 88 N. W. 971; Bryant v. Estabrook, 16 Neb. 217, 20 N. W. 245; Alling v. Woodward, 2 Neb. (Unof.) 235, 96 N. W. 127; Gallentine v. Fullerton, 67 Neb. 553, 93 N. W. 932; Fisher v. Betts, 12 N. D. 197, 96 N. W. 132; Bullis v. Marsh, 56 Iowa, 747, 2 N. W. 578, 6 N. W. 177; Cruser v. Williams, 13 N. D. 284, 100 N. W. 721.

The only just finding that could be made from the evidence is that the money was paid in at the time provided by law, and the recital in the certificate is entitled to every fair presumption. Beggs v. Paine, 15 N. D. 436, 109 N. W. 322; State Finance Co. v. Mather, 15 N. D. 386, 109 N. W. 350, 11 Ann. Cas. 1112; Shuttuck v. Smith, 6 N. D. 73, 69 N. W. 5; Darling v. Purcell, 13 N. D. 288, 100 N. W. 726; Black Tax Titles, § 243.

It does not amount to an extending of credit for the officer conduct-

ing the tax sale to postpone payment to a time just following the sale. Farmers' Loan & T. Co. v. Wall, 129 Iowa, 651, 106 N. W. 160; Minnesota Debenture Co. v. Scott, 106 Minn. 32, 119 N. W. 391; Minn. Rev. Laws 1905, § 937; "Forthwith," Neb. Comp. Stat. chap. 77, art. 1, § 111; Green v. Hellman, 61 Neb. 675, 86 N. W. 912; Leavitt v. S. D. Mercer Co. 64 Neb. 31, 89 N. W. 426; Ure v. Bunn, 3 Neb. (Unof.) 61, 90 N. W. 904; Cook v. John Schroeder Lumber Co. 85 Minn. 374, 88 N. W. 971.

The notice of expiration of time for redemption of lands from tax sale may contain several descriptions where all were assessed to one person, and sold to same purchaser at sale. Snyder v. Ingalls, 70 Minn. 16, 72 N. W. 807; Funson v. Bradt, 105 Iowa, 471, 75 N. W. 337; Flint Land Co. v. Godkin, 136 Mich. 668, 99 N. W. 1058; Nycun v. Raymond, 73 Iowa, 224, 34 N. W. 819.

"It is conceded that the legislature might, had it desired, have omitted any provision for notice of the expiration of the time of redemption." Munroe v. Donovan, 31 N. D. 235, 153 N. W. 461; Black, Tax Titles, 2d ed. § 350; Beggs v. Paine, 15 N. D. 451, 109 N. W. 322.

The determination of the auditor, of the sufficiency of the notice as evidenced by the recitals in the deed, shall be conclusive. Comp. Laws 1913, § 2206; Chippewa River Land Co. v. J. L. Gates Land Co. 118 Wis. 345, 94 N. W. 37, 95 N. W. 954; Marx v. Hanthorn, 12 Sawy. 374, 30 Fed. 579; Maguiar v. Henry, 4 Am. St. Rep. 188, note; Crisman v. Johnson, 58 Am. St. Rep. 224 and note, 23 Colo. 264, 47 Pac. 296; Hurley v. Powell, 31 Iowa, 64; Larson v. Dickey, 39 Neb. 463, 42 Am. St. Rep. 595, 58 N. W. 167; Miller v. Miller, 96 Cal. 376, 31 Am. St. Rep. 229, 31 Pac. 247; Soukup v. Union Invest. Co. 84 Iowa, 448, 35 Am. St. Rep. 317, 51 N. W. 167.

*Bradford & Nash,* for respondents.

The land involved was sold for a general tax and for special assessments of the city of Minot. Certainly as a sale for special assessments it was void. Comp. Laws 1913, § 3733.

"In order to constitute a valid sale, it is necessary that the provisions of the statute authorizing the sale and describing the nature thereof be complied with strictly." 2 Page & J. Taxn. by Assessment, §§ 1174, 1179; Gage v. Waterman, 121 Ill. 115, 13 N. E. 543.

"A sale for an amount in excess of the amount provided by statute,

namely, the amount of legal taxes, penalties, and costs charged against the land, renders the sale void." Lee v. Crawford, 10 N. D. 482, 88 N. W. 97; Cooley, Taxn. 2d ed. p. 497, and cases in note 2; Desty, Taxn. p. 972; Comp. Laws 1913, § 2193.

Where a question is not presented and considered in a case, an opinion upon it amounts to mere dictum. Shuttuck v. Smith, 6 N. D. 77, 69 N. W. 5.

The notice of sale shall contain a list of the lands to be sold and the amount of taxes and penalty due. This notice is vital to all after proceedings in connection with a tax sale. Whatever provision the law makes in regard to this must be strictly complied with. Black, Tax Titles, § 209; Alexander v. Pitts, 7 Cush. 503; Chouteau v. Hunt, 44 Minn. 173, 46 N. W. 341; Mather v. Darst, 13 S. D. 75, 82 N. W. 407; 2 Page & J. Taxn. by Assessment, § 1178; Gage v. Waterman, 121 Ill. 115, 13 N. E. 543.

"A deviation however small is fatal, because a rule of law cannot be made to fluctuate according to the degree or extent of its violation." Black, Tax Titles, § 207, pp. 258, 259; 37 Cyc. 1296; Clarke v. Strickland, 2 Curt. 439, Fed. Cas. No. 2,864; California Loan & T. Co. v. Weis, 118 Cal. 489, 50 Pac. 697; Mann v. People, 102 Ill. 340; Cole v. Van Ostrand, 131 Wis. 454, 110 N. W. 884.

"A tax sale must be made for cash." Cushing v. Longfellow, 26 Me. 306; Black, Tax Titles, § 243; Comp. Laws 1913, § 2195.

The notice of redemption must clearly state the actual sum required to redeem each piece of land sold for taxes. It must give full information as to just what is required to make redemption as by law provided. 27 Cyc. 1400, 1401, and cases cited in note 24; White v. Smith, 68 Iowa, 313, 25 N. W. 115, 27 N. W. 250; Adams v. Burdick, 68 Iowa, 666, 27 N. W. 911; Snyder v. Ingalls, 70 Minn. 16, 72 N. W. 807; Ambler v. Patterson, 80 Neb. 570, 114 N. W. 781, 117 N. W. 990; G. F. Sanborn Co. v. Johnson, 148 Mich. 405, 111 N. W. 1091; Haden v. Closser, 153 Mich. 182, 116 N. W. 1001; Jackson v. Mason, 143 Mich. 355, 106 N. W. 1112; John Duncan Land & Min. Co. v. Rusch, 145 Mich. 1, 108 N. W. 494; 37 Cyc. 1402, 1403, and cases cited; Blessett v. Turcotte, 20 N. D. 151, 127 N. W. 505; Black Tax Titles, § 337.

A person holding a tax certificate has the right to pay subsequent

taxes, and take receipts, and hold them as additional liens against the premises. Rev. Codes 1905, § 1596; Comp. Laws 1913, § 2211; State ex rel. Moore v. Furstenau, 20 N. D. 542, 129 N. W. 81.

A tax deed is not conclusive of the fact that all proceedings leading up to it were regular. "If a tax deed is conclusive evidence of notice where there is no notice, the provision constitutes a most dangerous trap, instead of a protection to property owners." Lee v. Crawford, 10 N. D. 482, 88 N. W. 97; O'Neil v. Tyler, 3 N. D. 47, 53 N. W. 434; State Finance Co. v. Mulberger, 16 N. D. 214, 125 Am. St. Rep. 650, 112 N. W. 986; Fisher v. Betts, 12 N. D. 197, 96 N. W. 132.

GRACE, J. An appeal from a judgment of the district court of Ward county and involving the validity of a certain tax deed to certain real estate.

The complaint is one in the statutory form for quieting title. The complaint of the plaintiff is in the statutory form. The plaintiff relies upon the validity of a certain tax deed.

The defendant answers, alleging that she is the owner of the premises described in the complaint; that her title was derived by virtue of United States patent from the United States government to Solomon G. Comstock, for certain described lands, he deeding the land to Northwestern Land Company; that the original town site of Minot, North Dakota, was platted by the Northwestern Land Company, said plat being duly recorded in Ward county; that lots 6 and 7, block 5, and lots 19 and 20 of said block 5, of the original town site of Minot, being part of said land so patented and platted, were by various transfers to warranty deeds eventually transferred to Millie Botz, and since she has received said transfers of such lands she has not alienated them,— in other words, she claims ownership of said lands by a perfect chain of title proceeding from the government patent and the warranty deeds of other grantors, until a perfect title in fee to said lots was placed in her.

The defendant, further answering, alleges that the only interest or claim of interest of the plaintiff in and to said premises is under and by virtue of a certain purported tax deed issued by the county auditor of Ward county, North Dakota, to the plaintiff on the 8th day of July, 1914, under and by virtue of a purported sale of said premises for tax

deeds for the year 1908; and further alleges that the said sale for taxes for the year 1908 was and is void for the reason that no notice of the sale of said premises was given; that the amount bid at the purported sale for the premises heretofore described was not paid into the county treasurer or county auditor before the close of the sale, as provided by law, and that the property was not again offered before the close of the sale; that the amount of taxes for which said premises were attempted to be sold included special assessment for public improvements in the city of Minot, North Dakota; that the price for which said premises were purported to be sold was not the amount of taxes against the premises aforesaid with penalty and interest thereon, but included the special assessments with penalty and interest thereon, as aforesaid.

That no notice of expiration of redemption was ever made or given, excepting a purported notice of expiration of redemption served on the 13th day of October, 1914, which notice stated that the premises had been sold for taxes for the year 1908 on the 14th day of December, 1909; that the amount for which said premises were sold was $146.53; the amount required to make redemption, which she would be required to pay, was $910; that sum was largely in excess of the amount she would have been required to pay had the sale been lawful and valid, and had the said purported sale been one in which the premises described in plaintiff's complaint were sold in one parcel; that said premises consist of three separate and distinct parcels, and the taxes levied and assessed against said premises were levied in three distinct and separate parcels and amounts, and that the said notice of expiration of redemption did not give notice to this defendant of the amount necessary to redeem the separate parcels of the said premises from the separate sales or purported sales thereof; that separate certificates were issued by the county auditor of Ward county, North Dakota, on the purported sale of the said premises for each separate and distinct parcel.

That, prior to the commencement of this action, defendant offered and tendered the plaintiff the amount of his purchase, with interest and penalty, together with the amount of subsequent taxes paid by the plaintiff, with penalty and interest and costs accruing in connection with the said purchase inclusive of special assessments contained therein, with interest thereon, all of which plaintiff refused to accept or

receive. That this defendant has at all times been ready and willing to pay such amount required to redeem the several parcels aforesaid, and offers to pay the same into court.

The facts in the case are substantially as follows:

That the Trustee Loan Company is a Minnesota corporation authorized to do business in the state of North Dakota. That the defendant Millie Botz is the owner of lots 7, 19, and 20 of block 5, of the original town site of Minot, now city of Minot, unless her title has been devested by the tax deed hereinafter mentioned.

That in the year 1908 there was levied by the proper authorities of the city of Minot, Minot special school district, the county of Ward, and state of North Dakota, certain taxes against the said premises. The amount of the taxes levied against lot 7 of block 5 for all purposes being the sum of $30.72, and the amount of the taxes levied against lot 19 in block 5 for all purposes being $8.08, and the amount of the tax levied against lot 20 in block 5 for all purposes being $16.99; that prior thereto the proper authorities of the city of Minot proceeded to levy special assessments against the said premises for grading and sewer, the amount of which is certified and appearing upon the tax list of the county auditor of Ward county for the year 1908, against each of said lots as follows: Lot 7, $21.02; lot 19, $25.63; lot 20, $25.63. Said taxes and special assessments were not paid, and became delinquent, and thereafter and prior to the 14th day of December, 1909, the county auditor of Ward county, North Dakota, served a notice of tax sale of said premises, among others in said county, for the delinquent taxes for that year. That in such notice the county auditor of said county caused it to be shown that the amount of delinquent taxes due and owing upon said lot 7 was $51.94, and the penalty thereon and additional penalty of $7.27; and as to lot 19 there was shown delinquent tax of $33.71, with an additional sum of $4.72 penalty; as to lot 20 there was shown the sum of $42.62 delinquent tax, with an additional penalty of $5.97. That the amount of delinquent taxes as contained in the said notice included the sums of special assessments, and also the amount of delinquent taxes upon such premises, and the amount of penalty above referred to, which included penalty upon the special assessments as well as the penalty upon delinquent taxes; that such notice of sale made no reference to the fact that special assess-

ments or penalty thereon was included in the amount for which the premises would be sold; that said notice was the only notice given of said sale.

On the 14th day of December, 1909, the county auditor of said county brought on a tax sale for that year, and sold the premises as three separate and distinct parcels and as separate and distinct sales; that upon each of said parcels the plaintiff bid at the rate of 5 per cent, and agreed to take the said premises and each parcel thereof and pay the amount of taxes due thereon, together with the penalty, interest, and costs of publication at that rate, and the several parcels were thereupon struck off to the plaintiff herein, and thereupon the county auditor of Ward county, North Dakota, issued to the plaintiff three separate and distinct certificates of tax sale for each of the said lots, specifying in each the amount of taxes and penalty due thereon, the total amount of taxes, special assessments, and penalty as contained in the notice of sale; that said certificates contained no information or statement upon their face or otherwise, nor anything to indicate that the said sale was made for special assessments as well as for delinquent taxes.

That said sale was concluded by the 24th day of December, 1909; that the amount agreed to be paid by the plaintiff on said sale to the county treasurer of Ward county was not paid prior to the close of said sale, but was paid on the 5th day of January, 1910.

That on the 23d day of March, 1910, plaintiff paid subsequent taxes upon said lot 7 in the sum of $85.57, and on the 1st day of March, 1911, the sum of $60.56, and on the 30th day of April, 1912, the sum of $58.03, which amount included the interest and penalty; and upon lot 19, on the 23d day of March, 1910, the plaintiff paid subsequent taxes in the sum of $73.14, and on the 1st day of March, 1911, the sum of $66.29, and on the 30th day of April, 1912, the sum of $41.45, which amount includes interest and penalty; and upon said lot 20, on the 23d day of March, 1910, the plaintiff paid as subsequent taxes the sum of $68.83, and on the 1st day of March, 1911, the sum of $53.17, and on the 3d day of April, 1912, the sum of $33.81, which amounts included interest and penalty. That all such payments were as subsequent taxes and assessments. There was included special assessments levied for special improvements in the city of Minot, North Dakota, which were not a part of the general taxes.

On the 1st day of October, 1913, plaintiff produced said certificates and each of them to the county auditor of said Ward county, and demanded a deed of the premises, producing at the same time receipts for the subsequent taxes and assessments which had been paid, and thereupon the county auditor, under his hand and seal, made out a notice of expiration of time of redemption, wherein it was recited that the premises aforesaid and all of them were sold for delinquent taxes on the 14th day of December, 1909, for the sum of $146.53 to the plaintiff herein; said notice was delivered to Millie Botz, the defendant; and it was further stated in said notice that there was due and unpaid on the said sale subsequent taxes for the years 1909, 1910, and 1911, with interest and penalty, the sum of $910.98; that such amount was necessary to redeem said premises from said sale exclusive of accruing costs, and that unless said amount of $910.98, together with the accrued costs, were paid within ninety (90) days after the service of the notice, tax certificate would be issued therefor, and that the period of redemption would expire ninety days after the service of the notice; said notice was dated on the 1st day of October, 1913, and was personally served upon said Millie Botz on the 6th day of March, 1914. On the 8th day of July, 1914, the county auditor of Ward county, North Dakota, executed and delivered to the plaintiff under the seal of his office and over his signature, in the form of a tax deed, which form was provided by law for the sale of property for delinquent taxes; that said deed does not mention or indicate in any way that special assessments are involved therein, or were involved in the sale upon which the same is based.

Defendant on trial offered to pay into court for plaintiff the amount of all payments made by it on said sale, together with all subsequent taxes, and the payment by it on the premises, and the further sum of $2 for the service of the notice of expiration of the time of redemption, with interest on all such sums from the date of such payments.

The only specification of error is as follows: "The appellant desires a review of the entire case in the supreme court, and a trial *de novo* of all questions of law and fact. The appeal to this court is from the judgment."

There are presented in this case numerous legal propositions for consideration and decision. The first of these propositions which we

shall consider is whether or not the failure to advertise and sell special assessments separately from a general tax, where both are to be sold at the same time, is sufficient cause to avoid or set aside such tax sale. Section 3733 of the Compiled Laws of 1913 provides as follows: "If the real property against which any assessment is levied is sold to enforce the collection of a special assessment which has become delinquent, the sale shall be made by the same officer, and upon like notice and subject to the same provisions in relation to redemption, and the same record thereof shall be kept by the officer making the sale, as in cases of real property for delinquent taxes; but if any real property is subject to sale at the same time for delinquent taxes, and also for delinquent special assessments *it shall be sold separately for each, and a separate certificate of sale shall be issued upon each of said sales, although both sales are made to the same person, and the certificates issued upon the sale for special assessments shall so state."*

This section constitutes the law of this state in regard to the sales for special assessments. The statute specifically and expressly requires that there should be a *separate notice* and a *separate sale,* and that a certificate issued for a sale of special assessment should state that it was for special assessment. The reason for this is quite apparent, and is that the special assessment is not correctly and strictly speaking a tax, but is what its name implies, a special assessment for some special purpose, and is not considered nor classed as a tax. Therefore it should be sold separately, and not sold with the general tax. If the same is sold at the same time as the general tax, and is offered together with the general tax by the sheriff in one gross sum, and a certificate is issued for such gross sum, and separate and distinct certificates are not issued for the general tax and special assessment separately, the effect is much the same as if the property assessed was sold for a much larger general tax than was levied or assessed against it. The general tax and the special assessment against the property in question having at the same time and place been sold together, and not separately, and the certificate of sale upon each of said sales included both the general tax and the special assessment, and there being no separate notice or separate sale of general tax and special assessment, and no separate certificate issued stating that it was for special assessment, all of which was in direct contravention and violation of a plain and specific statutory

provision, namely, § 3733 of the Compiled Laws of 1913, the sale is invalid. Under the statute, general taxes and special assessments may be sold at the same time; but all the proceedings of sale with reference thereto must, as to the general tax and special assessment, be entirely separate and distinct, including the notice of sale; and if all such proceedings relating to the sale of property for general taxes and special assessments are not so had in a separate and distinct manner, the sale is invalid. Notice of sale in the case under consideration was bad for the reason that the general tax and special assessment were included in such notice in one sum, when describing each tract in such notice, when such notice of sale of such special assessments should have been an entirely separate and distinct step in the proceedings just the same as the sale. Special assessments and certificates of sale therefor must be separate. In other words, all statutory requirements must be strictly complied with. Black, Tax Titles, § 209; 2 Page & J. Taxn. by Assessment, § 1178; Chouteau v. Hunt, 44 Minn. 173, 46 N. W. 341.

The next matter under consideration is the sufficiency of the notice of expiration of redemption.

The notice of expiration of redemption is void for the reason that it is a blanket notice, and not in conformity with law, and covered several distinct tracts which were sold separately and which the owner had the right to separately redeem. All the tracts may be described in the same notice of expiration of redemption, but they should be separately described, and the amount required to redeem each tract should be specifically and separately set forth in such notice. This was not done in the certificate of sale in question, and the same is therefore void. The defendant in this case had the right to know the amount necessary to redeem each separate tract and she should have been able to have received this knowledge from the notice of the expiration of redemption. The notice having failed to convey such notice to her, it was insufficient. White v. Smith, 68 Iowa, 313, 25 N. W. 115, 27 N. W. 250; Adams v. Burdick, 68 Iowa, 666, 27 N. W. 911; Snyder v. Ingalls, 70 Minn. 16, 72 N. W. 807; Haden v. Closser, 153 Mich. 182, 116 N. W. 1001; John Duncan Land & Min. Co. v. Rusch, 145 Mich. 1, 108 N. W. 494; 37 Cyc. 1402; Blessett v. Turcotte, 20 N. D. 151, 127 N. W. 505.

It appears from the computation that the amount of money stated in the notice of expiration of redemption necessary to redeem was a sub-

stantial excess of amount actually necessary under a correct computation. Under the most favorable construction of the statutes relating to such computation, it appears that the computation submitted by respondent in his brief is substantially correct, which is $839.60; and there is a substantial difference between that and the amount of $910.53 as specified in the notice of expiration of redemption, and is sufficient in amount to avoid the certificate.

It seems that the plaintiff in this case has figured interest after the expiration of the three-year period allowed for redemption, and that, by reason of estimating the interest upon the amounts after the expiration of the three-year period, there is a substantial amount by that reason added to the amount necessary to redeem, and that the amount specified in the notice of expiration of time of redemption was enlarged by at least $71. It is plain under the law that no interest could be charged upon the amount claimed after the expiration of the three years allowed for redemption.

All special assessments under article 20 draw interest at the rate of 7 per cent per annum from the time when such special assessments shall have been approved by the city council; and where a special assessment has become delinquent and the property upon which such special assessment is made is offered for sale in payment of such special assessment, the purchaser who pays subsequent special assessments would be entitled to interest at the rate of 7 per cent per annum on such subsequent special assessments so paid. This is the proper rate of interest as provided by § 3722 of the Compiled Laws of 1913.

We now proceed to consider the validity of the tax deed. The said tax deed is held to be invalid because of an improper notice of sale, an improper sale, improper tax certificates, and an improper notice of the expiration of the time for redemption, all of which have been previously shown and discussed. All of the acts stated to be done in a tax deed must have been done in accordance with the statutory provisions relative thereto, in order that such deed shall be valid; and such deed is only prima facie evidence of the regularity of the proceedings from the inception of the tax by assessment until the final step by the execution of the tax deed. The strength and validity of a tax deed depend upon whether all the requirements of law concerning a sale of real property for taxes have been fully complied with. If any act

required by law, such as a proper notice of sale, proper certificates, proper notice of the expiration of the time for redemption, have not been complied with pursuant to statute, the recital of the performance of each of such acts in a tax deed would not make the tax deed valid notwithstanding such recital; for the tax deed does not depend for its validity on the recitals, but must depend and rest upon the proper compliance with the requirements of law relative to the sale of property for taxes.

The writer of this opinion, speaking for himself, holds that, it being provided by § 2191, Compiled Laws of 1913, that the sale shall be for cash, and that, if the amount is not paid in before the close of the sale, the premises shall again be offered and sold, and, if there is no bidder, the county auditor shall bid the same in the name of the county. It appears from the examination of the testimony in this case that the payment of the bid was not made until after the close of the sale. The sale was on the 14th day of December, 1909, and under the law the sale closes in ten days, and the payment of the bid was not made until the 5th day of January, 1910, this being a clear violation of § 2191 of the Compiled Laws of 1913. The sale is invalid for that reason. Public agents authorized to make sale of taxes must make such sale for cash in accordance with the provisions of the statute.

The judgment of the District Court is in all things affirmed, together with costs of both courts.

CHRISTIANSON, J. (concurring specially). I concur in an affirmance of the judgment appealed from, on the sole ground that no legal notice of expiration of redemption was given, and consequently the tax deed under which the plaintiff claims title is void.

The premises involved herein are lots 7, 19, and 20 of block 5 in the original town site of Minot. It appears from the certificates of tax sale offered in evidence upon the trial that these lots were sold as separate parcels at the tax sale held December 14, 1909, and that separate tax certificates were issued for each lot. Lot 7 was sold for $51.94; lot 19, for $38.53; and lot 20, for $42.50. On October 1, 1913, notice of expiration of time of redemption was issued by the county auditor of Ward county, directed to the defendant Millie Botz as the person in whose name such real estate then appeared of record

in the office of the register of deeds of said county, and in whose name said real estate was assessed in the year 1908. The notice recites that said three lots were sold on December 14, 1909, at the annual delinquent tax sale held on that day, and that "the amount of the delinquent tax due upon the property aforesaid at the date of sale was $146.53, including penalty, costs, and interest, to make which amount the said property was then and there sold as provided by law, and a certificate of said sale was issued to the purchaser thereof." The notice further states "that the owner and holder of the certificate so issued has presented the same to the undersigned as auditor of said county, and demanded a deed for said property as provided by law; and said certificate being and remaining unredeemed, and there being $910.98 due and unpaid thereon, including subsequent taxes for the years 1909, 1910, and 1911, penalties and interest, and there appearing no legal objection why a tax deed should not be issued as demanded. You are therefore notified that $910.98, exclusive of accruing costs, is necessary to redeem said property from said sale, and that unless the said amount and costs of this proceeding are paid on or within ninety days after the service of this notice upon you, a tax deed will be issued therefor as provided by law."

The statute requires that the notice of expiration of time of redemption specify, among other things, the amount for which the lands were sold, and the amount required to redeem such lands from the tax sale. Comp. Laws 1913, § 223. This statute should be strictly construed against the party claiming title under a tax deed. Archer v. N. S. Tubbs Sheep Co. 25 S. D. 399, 126 N. W. 577.

The notice of expiration of time of redemption here under consideration does not specify the amount for which each lot was sold, or the amount required to redeem each lot, but it merely states the aggregate amount of the purchase price and the aggregate amount required to make redemption. Not only so, but the amount stated in the notice is concededly in excess of the aggregate amount actually due upon the tax certificates. The aggregate amount due thereon was only $839.60, or *$71.38* less than the amount stated in the notice of redemption. It seems clear that the person to whom the notice was addressed did not receive the notice contemplated and directed by the statute. And, in my opinion, the irregularities and defects therein invalidated such

notice and the tax deed subsequently issued.   See 37 Cyc. 1402, 1403; G. F. Sanborn Co. v. Johnson, 148 Mich. 405, 111 N. W. 1091; Ambler v. Patterson, 80 Neb. 570, 114 N. W. 781, 117 N. W. 990; Haden v. Closser, 153 Mich. 182, 116 N. W. 1001; Jackson v. Mason, 143 Mich. 355, 106 N. W. 1112; John Duncan Land & Min. Co. v. Rusch, 145 Mich. 1, 108 N. W. 494.

Plaintiff's counsel contend, however, that the court cannot go behind the tax deed and inquire into the sufficiency of the notice of expiration of redemption. This contention is based upon § 2206, Compiled Laws 1913, which provides that a tax deed "shall be conclusive evidence of the truth of all the facts therein recited, and prima facie evidence of the regularity of all the proceedings, from the assessment and valuation of the land by the assessor up to the execution of the deed."

Even though it be conceded that the legislature has the power to declare in advance that a recital in a tax deed, to the effect that notice of expiration of redemption has been given, although false in fact, shall nevertheless be conclusive evidence of its truth (and the existence of such power has frequently been questioned.   See Adams v. Beale, 19 Iowa, 61; Cairo & F. R. Co. v. Parks, 32 Ark. 131; Miller v. Miller, 96 Cal. 376, 31 Am. St. Rep. 229, 31 Pac. 247; 12 Enc. Ev. 358, 359), the legislative intent to exercise such power should be expressed in language too plain and positive to admit of doubt.   The legislature not only prescribed the evidentiary effect of the recitals in tax deeds, but in the same section of the statute it prescribed the form and language of such deeds.

The only recital required to be inserted in a tax deed relative to the notice of expiration of redemption (and this is the recital contained in the tax deed involved in this case) is as follows: "The time fixed by law for redeeming the land having now expired, and proof of legal notice of expiration of the period of redemption having been filed in the office of the county auditor prior to the maturity of such certificate, as provided by law."

It will be noticed that this recital does not purport to state as a fact that notice of expiration of redemption has been given, but merely that proof of such notice has been filed in the county auditor's office.   If it had been the intent of the legislature to make the tax deed conclusive evi-

dence of service of legal notice of expiration of redemption, it would doubtless have prescribed a recital in the tax deed in accordance with such intent. The recital which it did prescribe, however, manifests no such intent; but on the contrary indicates that the legislature considered the service of legal notice of expiration of redemption to be one of the steps in the proceedings, of whose regularity the tax deed is made prima facie evidence only.

I express no opinion upon the other questions discussed in the majority opinion.

ROBINSON, J. (concurring specially).  In this case the plaintiffs claim title to three lots, under a tax deed, and appeal from a judgment quieting title in the defendant who owns the patent title.  As the record shows, the tax deed is void on its face.  It shows that the three lots were sold to the company for a specific sum, and does not show a separate sale of each lot.  Under the statute, each lot must be sold for the precise amount of the tax, and the deed must show the sum for which each lot was sold; and in this case each lot was sold for the sum total of the general tax and also a special assessment for improvements; and in such a case, the law is that there must be a sale for the general tax and another sale for the special assessment.  Hence, of course, when one sale was made for the sum total of the general tax and the special assessment, the sale was contrary to the statute, and it was void.

And in this case the redemption notice is void on its face, because it fails to show the sum for which each lot was sold.  It shows only that the three lots were sold for a lump sum.

And so the tax deed is void for three fatal and obvious defects.

To make title under a tax deed, there must be a compliance with all the requirements of the statute in regard to the assessment, the levying of the tax, the sale, the notice of sale, the redemption notice, and the making of the tax deed.   Judgment affirmed.